UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL CASE NO. 21-636-TJK |
| | : | |
| v. | : | |
| | : | |
| DIAN LUO, | : | |
| | : | |
| Defendant. | : | |

GOVERNMENT'S MOTION FOR A DOWNWARD DEPARTURE
AND MEMORANDUM IN AID OF SENTENCING

Dian Luo dedicated more than two years of his life to defrauding Apple. He actively worked with others, including Pengfei Xue, Ranshen Lin, and Wen Jin Gao, to return inauthentic iPhones to Apple all with the intention of getting Apple to replace the counterfeit devices with authentic iPhones. As part of the scheme, Luo opened UPS Store mailboxes, received shipments of counterfeit iPhones from Hong Kong, and recruited others. Following his December 2019 arrest, it took Luo nearly two years to accept responsibility and plead guilty. In November 2021, he pleaded guilty to conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, on terms far more favorable than he would have faced had he been convicted at trial. After he pleaded guilty, he cooperated with the government's investigation by debriefing multiple times and testifying at trial. Based on the substantial assistance that he provided, the government requests that the Court reduce Luo's final offense level to 13 pursuant to Guidelines § 5K1.1, resulting in a final guidelines range of 12 to 18 months. Consistent with that Guideline, the factors set forth in 18 U.S.C. § 3553(a), and *United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994), the government recommends that the Court sentence Luo to 12 months and one day of imprisonment followed by three years of supervised release. Such a sentence would be sufficient but not greater than necessary to accomplish the purposes of sentencing.

**FACTUAL BACKGROUND**

I.     **LUO'S PERSONAL BACKGROUND**

Luo is an only child who was born in China in 1991. PSR ¶ 77, 78. His parents separated before he was born, and their divorce was finalized while he was an infant. PSR ¶ 78. He has a close relationship with his mom but does not know his father's age or whereabouts. PSR ¶ 77, 80. Although his childhood was devoid of any abuse, his mom struggled financially to provide him with basic material necessities. PSR ¶ 80. Luo moved to the United States when he was a teenager and is a lawful permanent resident. *See* PSR ¶ 82-83. He graduated from a Montgomery County, Maryland, high school and attended some college, but did not earn a degree. PSR ¶ 94.

II.     **LUO'S SCHEME TO DEFRAUD APPLE**

Luo joined a conspiracy to defraud Apple in early October 2017. He recruited his friend Pengfei Xue into the conspiracy almost immediately. Luo and Xue then recruited and trained others. In addition to bringing others into the conspiracy, Luo opened UPS Store mailboxes and received shipments of counterfeit iPhones from Hong Kong. DHL shipping records introduced at Haotian Sun and Pengfei Xue's trial showed Luo receiving almost 50 shipments from Hong Kong between January and May 2018. *See* Gov't Trial Ex. 74, 21-CR-646. Law enforcement agents intercepted six of those shipments in January 2018 and one in May 2018. Each package contained dozens of iPhones. *See* Gov't Trial Ex. 75 (Summary Exhibit Detailing Packages Inspected Between October 2017 and May 2018), 21-CR-646. Apple records indicate that Luo was personally responsible for the submission of more than 1,800 phones to Apple as part of the scheme and that Apple replaced more than 1,400 phones. *See* ECF No. 220 (Joint Notice of Phones Returned by Sun, Xue, and Others), 21-CR-646. Accordingly, he is responsible for an intended

loss of more than $1 million and an actual loss of more than $850,000 simply by his actions alone. *Id*.; *see also* PSR ¶ 40. Of course, given how closely he worked with Xue, their combined intended loss was well over $1.5 million as the Court found during Xue's sentencing hearing.

Luo was so fixated on defrauding Apple that, at one point, he and Ranshen Lin purchased an Apple Authorized Service Provider, i.e., a third-party repair facility, in Michigan with Luo's relative being the owner on paper. Luo and Lin intended to use the store to defraud Apple, but never had a real opportunity to use the store in that way.

### III.   LUO'S COOPERATION

Luo took nearly two years to accept responsibility in this case. He was arrested in early December 2019 and pleaded guilty to conspiracy to commit mail fraud in November 2021. Once he decided to plead guilty, however, he also decided to cooperate. He met with the government several times to discuss the scheme to defraud Apple. He also testified on two separate days at the trial against Sun and Xue.

### IV.   SENTENCING GUIDELINES

The presentence investigation report calculated the guidelines as follows:

| | | |
|---|---|---|
| USSG §2X1.1/2B1.1(a)(2) | Base Offense Level | 6 |
| USSG §2B1.1(b)(1)(H) | Loss of more than $550,000 | 14 |
| USSG §2B1.1(b)(10)(B) | Substantial part of scheme committed outside U.S. | 2 |
| USSG §3E1.1(a) | Aggravating Role | 2 |
| USSG §3E1.1 | Acceptance of Responsibility | -3 |
| | Total: | 21 |

PSR ¶ 56-68. This calculation differs from the plea agreement because it assigned Luo two

3

additional levels for aggravating role. *See* PSR ¶ 114, 115. Based on the trial evidence and the Court's application of the aggravating role adjustment to Xue and Sun at their sentencing hearing, the adjustment is correct. *See* ECF No. 131 at 4-5 (Plea Agreement noting the parties' right to address the correctness of any Sentencing Guidelines calculations determined by the PSR writer or the Court even if the calculations differ from the Estimated Guidelines Range calculated in the plea agreement). The defense did not object to the aggravating role adjustment in the PSR.

Luo has no criminal history. Thus, his criminal history score is zero and he is in Criminal History Category I. PSR ¶ 69-71. Based on a total offense level of 21 and a Criminal History Category I, his recommended range is 37 months to 46 months. PSR ¶ 113.[1]

V.  **DOWNWARD DEPARTURE UNDER SECTION 5K1.1 OF THE GUIDELINES**

The government seeks a downward departure under Section 5K1.1 of the Guidelines based on Luo's substantial assistance in the investigation and prosecution of others, in particular, Pengfei Xue. Luo not only met with the government multiple times to explain particulars about the scheme, he also testified at trial, beginning his testimony on a Thursday and ending it on the following Thursday after the trial was temporarily paused due to a COVID-19 outbreak. After fully factoring in Luo's assistance, the government recommends that the Court grant a downward departure that would result in Luo's final total offense level being 13, which would result in a recommended range of 12 to 18 months.

---

[1] At Pengfei Xue's sentencing, the Court concluded that together Luo and Xue caused an intended loss of more than $1.5 million, which triggered a 16-level adjustment pursuant to USSG § 2B1.1(b)(1)(I). The government is not requesting that the Court impose the 16-level adjustment in Luo's case, but if it did, Luo's offense level would be 23 instead of 21 and the recommended prison range would be 46 to 57 months instead of 37 to 46 months.

**ARGUMENT**

I. **THE 18 U.S.C. § 3553(a) FACTORS SUPPORT A SENTENCE OF TWELVE MONTHS AND ONE DAY OF INCARCERATION**

The Court must impose a sentence that is sufficient but not greater than necessary to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with needed educational or vocational treatment. 18 U.S.C. § 3553(a)(2). The Court also must consider the history and characteristics of the defendant, the sentencing range under the guidelines, and the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(1)-(7).

A. **The Nature and Circumstances of the Offense and the Need for the Sentence to Reflect the Seriousness of the Offense**

Luo dedicated more than two years of his life to defrauding Apple. He kept returning inauthentic iPhones to Apple even after his friend and co-conspirator Pengfei Xue messaged him the following on October 11, 2017: "Be diligent at job hunting 'iPhone Repaired Legman' could bring 3 year imprisonment." *See* Gov't Trial. Ex. 64 at 10, 21-CR-646. He kept returning inauthentic iPhones even after he searched for "fake iphone found in richmond va" in February 2018. PSR ¶ 39. He kept returning inauthentic iPhones even after he searched for "does jail have wifi" in April 2019. PSR ¶ 39. He personally caused more than 1,800 phones to be returned to Apple as part of the scheme. He also recruited and trained others above and beyond Xue, and even purchased an Apple Authorized Service Provider in Michigan with Lin, which he intended to use to defraud Apple. His conduct is serious and warrants a prison sentence.

5

### B. The Need to Deter the Defendant and Others from This Type of Criminal Conduct and to Protect the Public from Further Crimes of the Defendant

The government hopes that Luo's arrest, guilty plea, and subsequent cooperation have convinced him not to engage in additional criminal conduct. To ensure that he is deterred, however, a prison sentence is warranted. A prison sentence also is necessary to ensure that others who are contemplating engaging in similar criminal conduct know that a prison sentence awaits them even if they fully cooperate with the government, i.e., once they choose to walk down the criminal path, significant consequences will result.

### C. The History and Circumstances of the Defendant

Like most criminal defendants, Luo's personal history and circumstances are complicated. He grew up in less than ideal conditions in China. He never really knew his father and his mother raised him with limited financial means. He is clearly a devoted son to his mom. During his trial testimony, he responded to defense counsel's question about why he was concerned about whether jail had WiFi as follows: "Because I was thinking if I were to get into trouble – I was brought up by a single mom. I am concerned about my mom. If I got into trouble, I want to stay in touch with my mom." Trial Tr. 50:9-14 (2/15/24 AM), ECF No. 21-CR-646. His testimony was particularly powerful on this point. Despite his love and devotion to his mother, however, there is no doubt that Luo embarked on a multi-year scheme to defraud Apple. He did not engage in criminal conduct just once, twice, or even three times. Instead, month after month for more than two years, he dedicated himself to making money illegally. He even went so far as to purchase an Apple

6

Authorized Repair Facility in Michigan with Ranshen Lin, with the intent of using that store to further defraud Apple.

If Luo had gone to trial and been convicted, his guidelines range would have been the same as Xue's, i.e., 70 to 87 months. Yet, Luo pursued a path that Xue and Sun rejected; he decided to plead guilty and to cooperate with the government – thereby not just accepting responsibility but also substantially assisting holding others to account. As a result, he is – and deservedly should be – in a much better position than he otherwise would have been.

Considering all the circumstances in his case, including his criminal conduct, his cooperation, and the fact that that his status as a non-U.S. citizen is likely to result in a fortuitous increase in the severity of punishment as enunciated in *Smith*, the government submits that a sentence of 12 months and one day of imprisonment followed by three years of supervised release is appropriate.

### D. The Need to Avoid Unwarranted Sentencing Disparities

The following table consists of sentences imposed in similar cases. Notably, only Haotian Sun and Pengfei Xue chose to go to trial. Like Luo, the other defendants accepted responsibility. The bulk of this information was submitted as part of the government's sentencing memorandum in *United States v. Zhiwei Liao*, 19-CR-4407-1 (S.D. Cal.), ECF No. 691.

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Haotian Sun, 21-CR-646 (D.D.C.)** **57 months in custody** -Two-level aggravating role adjustment -No acceptance of responsibility credit / cooperation | Conspiracy to commit mail fraud (18 USC 1349) and mail fraud with personal responsibility for an actual loss of more than $1.5 million |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Pengfei Xue, 21-CR-646 (D.D.C.)** **54 months in custody** -Two-level aggravating role adjustment -No acceptance of responsibility credit / cooperation | Conspiracy to commit mail fraud (18 USC 1349) and multiple counts of Mail Fraud with joint responsibility for an actual loss of more than $1.5 million |
| **Zhiwei Liao, 19-CR-4407 (1) (S.D. Cal.)** **51 months in custody** -Agreed to forfeiture of two parcels of real property estimated to be worth $2.2 million -Agreed to forfeiture of $120,380 cash -Four-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |
| **Zhimin Liao, 19-CR-4407(2) (S.D. Cal.)** **41 months in custody** -Agreed to forfeiture of three parcels of real property, whose combined value is estimated to be $2.8 million -Agreed to forfeiture of $114,321 cash -Agreed to 2-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |
| **Zhiting Liao, 19-CR-4407(3) (S.D. Cal.)** **41 months in custody** -Agreed to forfeiture of real property estimated to be worth $826,659 -Agreed to forfeiture of $22,320 cash -Agreed to 2-level aggravating role adjustment | Conspiracy to traffic in counterfeit goods - 10,000 iPhones with loss of $6.1 million |
| **Xiaomin Zhong, 19-CR-4407 (4) (S.D. Cal.)** | Fugitive Residing in China |
| **Phillip Pak, 19-CR-4407 (5) (S.D. Cal.)** **18 months in custody** -1-level departure under 5K1.1; -Paid $40,000 restitution prior to sentencing | Conspiracy to traffic in counterfeit goods – 1,718 iPhones with loss of $1,087,226 |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Dao Trieu La, 19-CR-4407 (6) (S.D. Cal.)**<br>**3 years' probation**<br>-Agreed to forfeiture of two parcels of real property estimated to be worth $2.3 million<br>-Agreed to forfeiture of $120,370 cash | One substantive count of wire fraud – loss of $39,589 |
| **Mengmeng Zhang, 19-CR-4407 (7) (S.D. Cal.)**<br>**3 years' probation**<br>-Agreed to forfeiture of real property estimated to be worth $826,000<br>-Agreed to forfeiture of $22,320 cash | One substantive count of mail fraud – loss of $9,500 |
| **Tam Thi Minh Nguyen, 19-CR-4407 (8) (S.D. Cal.)**<br>**3 years' probation**<br>-Agreed to forfeiture of three parcels of real property estimated to be worth a total of $2.8 million<br>-Agreed to forfeiture of $114,321 cash | One substantive count of mail fraud – loss of $9,500 |
| **Deedee Zhu, 19-CR-4407 (9) (S.D. Cal.)**<br>**15 months in custody**<br>-2-level departure under 5K1.1<br>-Paid $40,000 restitution prior to sentencing | Conspiracy to traffic in counterfeit goods – 1,236 iPhones with loss of $774,741 |
| **Danny Tran Chan, 19-CR-4407 (10) (S.D. Cal.)**<br>**3 years' probation**<br>-5-level departure under 5K1.1<br>-Minor role<br>-No restitution paid yet | Conspiracy to traffic in counterfeit goods – 841 iPhones with loss of $531,067 |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Charley Hsu, 19-CR-4407 (11) (S.D. Cal.)** **Time-served (22 months)** -3-level departure under 5K1.1 -Minor role -No restitution paid | Conspiracy to traffic in counterfeit goods – 1,777 iPhones with loss of $1,151,375 |
| **Jiaye Jiang, 19-CR-4407 (12) (S.D. Cal.)** **3 years' probation** -2-level departure under 5K1.1; -Minor role -Paid $50,000 in restitution prior to sentencing) | Conspiracy to traffic in counterfeit goods – 219 counterfeit iPhones with a loss of $135,185 |
| **Hyo Weon Yang, 19-CR-4407 (13) (S.D. Cal.)** **1 year and 1 day in custody** -1-level departure under 5K1.1; -Minor role -Paid $40,000 in restitution after sentence imposed | Conspiracy to traffic in counterfeit goods – 484 iPhones with loss of $300,964 |
| **Quan Jiang –19-CR-167 (D. Or.)** **37 months in custody** | Trafficking counterfeit goods. Defendant admitted that, from 2015 through 2017, he smuggled at least 2,000 counterfeit iPhones resulting in loss of $1.2 million. Defendant managed other conspirators as part of the scheme. Govt. recommended variance based on defendant's provision of information during proffer sessions, withdrawal of claims to forfeiture of Mercedes-Benz and prepayment of $200,000 in restitution. |

| Defendant & Sentence Imposed (Any departure under USSG § 5K1.1, forfeiture, and/or restitution paid) | Offense of Conviction, Number of Counterfeit iPhones & Loss |
|---|---|
| **Haiwei Zhong, 17-CR-115 (D. Utah)**<br>**33 months in custody** | Mail Fraud and False Statements. Defendant admitted that, from early 2016 through January 2017, he acquired 570 new iPhones through submission of more than 1,000 counterfeit iPhones resulting in loss of $458,262. No aggravating role adjustment recommended by the Government or imposed by the Court. |
| **Haiteng Wu, 20-CR-80-EGS (D.D.C.)**<br>**Time-served (26 months)**<br>-Defendant assisted government in selling two parcels of real property and a car that he agreed to forfeit.<br>-6-month *Smith* variance<br>-3-level Aggravating Role Adjustment | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). Wu admitted that, for approximately 3.5 years, he and conspirators caused more than 2,300 inauthentic phones to be submitted to Apple causing an actual loss of $987,000. He also admitted recruiting others, including his wife, to participate in the scheme. |
| **Jiahong Cai, 20-CR-81-EGS (D.D.C.)**<br>**Time-served (approx. 5 months)**<br>-2-level minor role adjustment<br>-Agreed to Stipulated Judicial Removal Order | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). The intended loss for Cai (Wu's wife) was $30,600 and the actual loss was $23,400. |
| **Teang Liu, 21-CR-1-EGS (D.D.C)**<br>**12 months and 1 day**<br>-4-level departure under 5K1.1<br>-6-month *Smith* variance<br>-Prepaid $57,570 forfeiture money judgment | Conspiracy to Commit Mail Fraud (18 U.S.C. § 371). Liu admitted that more than 1,099 inauthentic phones were submitted to Apple, causing an actual loss of $577,800. Defendant was recruited by Wu. |

The government submits that sentencing Luo to 12 months and one day of imprisonment followed by three years of supervised release would not lead to an unwarranted sentencing disparity with the above defendants.

VI.     **RESTITUTION AND FORFEITURE**

As part of his plea agreement, Luo agreed to pay restitution in the amount of $852,000. He also agreed to the entry of a forfeiture money judgment in that same amount. *See* PSR at 118. Consistent with the forfeiture imposed against Sun and Xue, however, the government only seeks a forfeiture judgment against Luo in the amount of $42,610.

## **CONCLUSION**

The government respectfully requests that the Court sentence Dian Luo to 12 months and one day of incarceration followed by three years of supervised release.

Respectfully submitted,

MATTHEW M. GRAVES
United States Attorney
DC Bar No. 481052

By:     */s/ Kondi J. Kleinman*
Kondi J. Kleinman
California Bar No. 241277
Assistant United States Attorney
Fraud, Public Corruption & Civil Rights Section
601 D Street, N.W. | Washington, D.C. 20530
(202) 252 6887 | Kondi.Kleinman2@usdoj.gov

Ryan K.J. Dickey
D.C. Bar No. 982536
Senior Counsel
Computer Crime & Intellectual Property Section
1301 New York Ave, N.W. | Washington, D.C. 20530
(202) 616-1509 | Ryan.Dickey@usdoj.gov